LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**       **(In Chambers)**

**ORDER RE: MOTION STRIKE,
FOR A MORE DEFINITE STATEMENT, & TO DISMISS**

**I.
INTRODUCTION**

　　Plaintiffs are a group of current and former tenants of the Crestwood Whittier Apartment Homes ("Crestwood"), a housing complex in Whittier, California. (Docket No. 17, [First Am. Compl. ("FAC")] ¶¶ 5(a)–(ggg).)  After dropping the class action allegations, Plaintiffs now bring this action only on behalf of the named Plaintiffs and assert 14 causes of action against Matsu, LLC ("Matsu"), the owner of Crestwood, and Lexington Asset Management, LLC ("Lexington"), the company that manages Crestwood (collectively, "Defendants").  (FAC) Plaintiffs bring claims under various statutory and common-law theories, relating to the habitability of the apartments and the state of disrepair found in the common areas at Crestwood, as well as Defendants' supposedly unlawful activities in their capacities as landlord. (Id.) Some causes of action are asserted against both Defendants, and some are asserted against each Defendant individually; some causes of action are asserted by all named Plaintiffs, and some are asserted by individual named Plaintiffs or a subset thereof.  (Id.)

　　Defendants now move to strike, for a more definite statement, and to dismiss.  (Docket No. 20, [Not. of Mot. to Strike ("Not.")].)  Defendants seek to strike all claims and specific allegations, or in the alternative for a more definite statement of the claims.  (Id.)  Defendants also seek to dismiss certain claims brought by certain Plaintiffs as time-barred.  (Id.)  As discussed in more detail below, Defendants have not shown proper grounds to strike and have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

not shown proper grounds for a more definite statement. However, to the extent that Plaintiffs seek to recover penalties for various statutory violations, including retaliatory eviction, the motion to dismiss is granted on the basis of the statute of limitations.

## II.
## BACKGROUND

Defendant Matsu is a Delaware company that does business in California and owns Crestwood. (FAC. ¶ 10.) Matsu hired Lexington "as its exclusive agent and to manage the Crestwood." (Id. ¶ 11.) No Matsu employee ever deals directly with a tenant or prospective tenant; Lexington handles every aspect of management and tenant interaction. (Id. ¶ 12.) However, Matsu must approve all standard lease forms, renewal forms, and all other agreement forms. (Id.) Lexington prepares the annual operating budget for the Crestwood, which identifies the repairs to be made in the following year, subject to Matsu's approval. (Id. ¶ 13.) Lexington also deals with service providers and enters into contracts for "water, electricity, gas, fuel, oil, telephone, vermin extermination, trash removal, security, landscaping and other necessary services, or such of them as [Matsu] shall deem advisable." (Id.)

While each claim contains specific factual detail, generally speaking Plaintiffs bring this suit claiming that Defendants "oscillate between ignoring necessary repairs and forcibly exposing their tenants to unsafe and illegal repair practices." (Id. ¶ 1.) Plaintiffs allege that there are numerous water and sewage pipe leaks, there are roaches, mold, and a dearth of hot water. (Id. ¶ 2.) Defendants have long "ignored the complaints of tenants and citations from the Environmental Health Division of the Los Angeles County Department of Health." (Id. ¶ 3.) Defendants "pay bonuses to employees who minimized repair costs and have terminated the services of vendors or employees who cautioned them that their efforts are inadequate." (Id..) Furthermore, Defendants "spray and apply chemicals in violation of the warning labels on the packaging and refuse to provide notices describing the pesticides that they are using," and "enter apartments without sufficient or legal notice." (Id. ¶ 4.)

Plaintiffs bring causes of action variously on behalf of all named Plaintiffs, subsets of the named Plaintiffs, and individual Plaintiffs. Plaintiffs also bring causes of action variously against both Defendants and against each individually. The FAC asserts numerous state statutory and code violations, as well as a common law cause of action, the majority of which arise from the allegedly substandard living conditions at Crestwood.

The Complaint in this case was filed on June 13, 2012 in Los Angeles County Superior Court. On July 12, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

1441 and the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Docket No. 1 [Not. of Removal] at 1.) Plaintiffs filed their FAC following the Court's dismissal of nine causes of action from Plaintiffs' Complaint. (See Docket No. 16, [09/26/12 Order].)

Defendants now move to strike, for a more definite statement, and to dismiss. (Not.) Defendants seek to strike all claims from Plaintiffs' complaint and specific allegations pursuant to Federal Rules of Civil Procedure 8(a), 10(b), 12(f), and 12(e). (Id. at 1.) Alternatively, Defendants seek an order for a more definite statement pursuant to Rules 12(e), 10(b), and 8(a). (Id.) Defendants seek to dismiss with prejudice certain claims brought by certain Plaintiffs as time-barred. (Id.) Defendants also seek to dismiss with prejudice claims regarding "willful or negligent acts" in causes of action one through four of the FAC for failure to state a claim. (Id. at 1-2.)

**III.
DISCUSSION**

**A. MOTION TO STRIKE**

**1. LEGAL STANDARD FOR 12(F) MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, "courts often require a showing of prejudice by the moving party before granting the requested relief." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (internal quotations omitted). In considering a Rule 12(f) motion, "the Court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

favor of [the pleading party]. This is particularly true if the moving party fails to demonstrate prejudice." Id. (internal citation omitted). In the end, the decision to grant or deny the motion is vested within the sound discretion of the trial court. Neilson, 290 F. Supp. 2d at 1152.

    2. **APPLICATION**

        *a. Plaintiffs' First Four Claims*

    Defendants seek first to strike Plaintiffs' first four claims - vermin infestation, inadequate plumbing and hot water, inadequate trash receptacles, and dampness of habitable rooms - because they are general and ambiguous. (Docket No. 20-1, [Mot. to Strike ("Mem.")] at 6.) Defendants argue that these claims were made in a "shotgun pleading" format, such that they cannot make informed responses to Plaintiffs' allegations. (Id.) Plaintiffs respond that Defendants have not asserted an argument within the traditional framework of a Rule 12(f) motion to strike, and in any event have not demonstrated any prejudice. (Docket No. 21, [Opp. to Mot. to Strike ("Opp.")] at 3.) The Court agrees.

    No doubt Plaintiffs' FAC leaves much to be desired and can hardly be characterized as a model of clarity, Defendants have not stated an argument within the realm of Rule 12(f) jurisprudence that would justify striking these claims. Rather, they essentially challenge the sufficiency of the claims because each contains a paragraph setting forth multiple statutory bases upon which relief is sought. (See FAC ¶¶ 39, 61, 77, 91.) Defendants state that "[t]his pleading approach violates Rules 8(a) and 10(b) and this Court's September 26, 2012 Order. According to Defendants, "allowing the first four claims . . . to stand as alleged will render this litigation unmanageable. The scope of discovery in the case will be nearly impossible to define. Summary judgment or adjudication motions will be difficult if not impossible to draft." (Id. at 10.)

    While the Court certainly sympathizes with Defendants, as Plaintiffs' pleading practice leaves much to be desired, a motion to strike is not the proper vehicle to challenge problems under Federal Rules of Civil Procedure 8(a) and 10(b), and the Court does not find that these claims are in violation of the Court's 09/26/12 Order.

        *b. All of Plaintiffs' Claims*

    Defendants next move to strike all of Plaintiffs' claims "because they needlessly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

incorporate redundant and immaterial allegations." (Mem. at 10.) By that, Defendants take issue with the fact that "each claim of the FAC purports to make every preceding paragraph as well as every other paragraph a part of that claim." (Id.)

Again, while the Court does not view Plaintiffs' pleading style as the most clear and efficient, striking all of Plaintiffs' claims because they may incorporate some irrelevant or redundant paragraphs would be improper. The Ninth Circuit has long noted that "[t]he Federal Rules of Civil Procedure expressly allow adoption by reference, Fed. R. Civ. P. 10(c), and do not distinguish between incorporated and unincorporated allegations. Alternatively pled claims need not even be consistent with one another." Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001) Furthermore, throwing out entire claims because of what may be inconsistent, redundant, or irrelevant paragraphs "would be inconsistent with the requirement that we construe pleadings 'as to do substantial justice.'" Id. (quoting Fed. R. Civ. P. 8(f)). Even if the Court were to deem Plaintiffs' pleading style as "shotgun pleading," a motion to strike would not be the proper vehicle to challenge it. See Sollberger v. Wachovia Sec., LLC, 2010 U.S. Dist. LEXIS 66233, at *11 (C.D. Cal. June 30, 2010).

### c. *Plaintiffs' Doe Allegations*

Defendants lastly seek to "strike plaintiffs' attempt to bring suit against 200 'Doe' defendants, three of whom are the supposedly 'unknown' owners of three properties that by the face of the FAC have absolutely nothing to do with the allegations in [sic] FAC." (Mem. at 11; see FAC ¶ 14.) As Defendants note, these allegations appear to be a remnant of Plaintiffs' original Complaint, which brought class claims on behalf of tenants in properties other than the Crestwood. (Id. at 12.) Plaintiffs, without responding to the gravitas of Defendants' argument, aver only that "Defendants have not explained how the allegations regarding the owners of other buildings inflict any prejudice on them" (Opp. at 7.)

Defendants are correct. As an initial matter, the naming of 200 Doe Defendants appears to be an accident as Plaintiffs have manually corrected this on the face of their manually filed FAC. Plaintiffs whited-out "200" and replaced it with "10."[1] Accordingly, the Court will strike 190 of the Doe Defendants, to the extent Plaintiffs have not already done so. Further, the Court agrees with Defendants that the allegations appearing at FAC ¶ 14 appear to be a remnant of the original Complaint, inapplicable and irrelevant to the FAC. In FAC ¶ 14, Plaintiffs name three other properties that Lexington allegedly manages. However, the allegations in the FAC are

---

[1] 200 Doe defendants would also be in contravention of C.D. Local Rule 19-1, which permits no more than ten fictitiously named parties.

Case 2:12-cv-06023-BRO-AJW Document 25 Filed 01/07/13 Page 6 of 14 Page ID #:591

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

only on behalf of current and former residents of Crestwood, and the references to the three other properties have no place in this FAC. Plaintiffs have not provided the Court any justification for maintaining the reference to the three unrelated properties.

Accordingly, the Court **GRANTS** Defendants' motion to strike 190 of the 200 Doe defendants and **GRANTS** Defendants' motion to strike Plaintiffs' reference to the three unrelated properties in paragraph 14 of the FAC.

**B. MOTION FOR A MORE DEFINITE STATEMENT**

**1. LEGAL STANDARD FOR F.R.C.P. 12(E) MOTION FOR A MORE DEFINITE STATEMENT**

Rule 12(e) allows a party to move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). Rule 12(e) motions "are viewed with disfavor, and are rarely granted." Cellars v. Pac. Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted. Beery v. Hitachi Home Elecs., Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

**2. APPLICATION**

Defendants move for a more definite statement on the basis that the FAC is so vague and ambiguous as to prevent Defendants from ascertaining the nature of the claims asserted against them. (Mem. at 12.) Plaintiffs aver that "[t]he request for a more definite statement is improper because it is not a request for a more definite statement of facts, but a request for a more definite statement of the legal theories." (Opp. at 7.)

Recognizing that motions for a more definite statement "are rarely granted because of the minimal pleading requirements of the Federal Rules," Sagan v. Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994), the Court finds Defendants' argument unavailing. As one Central District Court stated, "a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading."[2] Bureerong v. Uvawas, 922 F. Supp.

---

[2] The Court notes that Plaintiffs' FAC has created apparent confusion over the claims Plaintiffs are asserting. Defendants seek to dismiss certain personal injury claims by certain Plaintiffs, in the belief that "Plaintiffs appear to bring claims for personal injury." (Mem. at 13.) Plaintiffs' FAC, namely paragraphs 32, 55, 72, 88, 98, 113, and 123, lends credence to Defendants' belief. For instance, paragraph 32 reads, in part: "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

1450, 1461 (C.D. Cal. 1996). Plaintiffs have provided about forty pages of factual detail, with each claim "limited as far as practicable to a single set of circumstances." Fed. Rules Civ. Proc. 10(b). While the Court, again, views with disfavor Plaintiffs' strategy of incorporating all paragraphs, even when they bear no relevance to the claims they were incorporated into, "a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."[3] San Bernardino Pub. Emples. Ass'n v. Stout, 946 F. Supp. 790, 804 (C.D. Cal. 1996). This is the case here. Defendants are more than apprised of the substance of the claims asserted against them, and "through discovery, the issues and claims will no doubt be narrowed and refined." Corr. USA v. Dawe, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007).

Accordingly, Defendants' motion for a more definite statement is **DENIED**.

**C. MOTION TO DISMISS**

    **1. LEGAL STANDARD FOR F.R.C.P. 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

---

substandard conditions and violations of the applicable statutes and ordinances have been a substantial factor in causing bodily injuries such as diseases, respiratory problems, and a general erosion of health." (FAC ¶ 32.) Plaintiffs, on the other hand, argue that they are bringing solely statutory causes of action, not common law personal injury actions. (Opp. at 8.) While this might be said to create some confusion, Plaintiffs' Opposition clarifies to that end what causes of action they are seeking and expressly disclaims seeking common law personal injury claims.

    [3] Defendants do cite an Eleventh Circuit case that found such a pleading strategy "a perfect example of 'shotgun' pleading." Anderson v. District Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364, 366 (11th Cir. 1996). However, Defendants cite to no Ninth Circuit or district court opinion within the Ninth Circuit that has granted a motion for a more definite statement on the grounds of sloppy incorporation by reference. See Bureerong, 922 F. Supp. at 1461.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

2. APPLICATION

   *a. Personal Injury Claims*

Defendants first seek to dismiss the personal injury claims of Plaintiffs Reyna Camul, Jasmin Moreno, Dora Davila, Alfred Gabaldon, and Belinda Sanchez on the basis that they are time-barred from pursuing those claims. (Mem. at 13.) Defendants argue that at least seven paragraphs in Plaintiffs' FAC give rise to the notion that Plaintiffs are intending to assert common law personal injury claims, which are subject to a two-year statute of limitations. (Id.; Cal. Code Civ. Proc. § 335.1.) Plaintiffs aver that they "have brought claims based on statutes that created causes of action that did not exist under the common law," and accordingly are subject to a three year statute of limitations. (Opp. at 8.)

The FAC plainly suggests that Plaintiffs are attempting to bring personal injury claims. Paragraphs 32, 55, 72, 88, 98, 113, and 123 of the FAC all indicate that Plaintiffs are attempting to bring common law personal injury actions. For example, paragraph 113 states: "The failure of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

Matsu and Lexington to abate the nuisance conditions at the Crestwood was a substantial factor in causing various forms of harm to the Plaintiffs . . . . These harms included, but are not limited to physical injuries, emotional distress . . . ." (FAC ¶ 113.) What makes this paragraph all the more interesting is that it falls under the heading of Plaintiffs' nuisance claim - a common law claim. Accordingly, Plaintiffs' statement that they "brought claims based on statutes that created causes of action that did not exist under the common law," is simply inaccurate. (Opp. at 8.)

In any event, the clear import of Plaintiffs' opposition is that Plaintiffs concede that they are not bringing any common law personal injury actions.[4] Accordingly, based on the non-opposition to this motion, it is **GRANTED** and the personal injury claims are **DISMISSED.**

### b. *Retaliatory Eviction Claims*

Defendants also seek to dismiss Plaintiffs' eleventh cause of action - retaliatory eviction - as to Plaintiffs Reyna Camul, Jasmin Moreno, and Dora Davila on the basis that they are time-barred from pursuing those claims. (Mem. at 14.) Defendants argue that retaliatory eviction under Cal. Civ. Code § 1942.5 is subject to the one-year statute of limitations prescribed by Cal. Code. Civ. Proc. § 340(a) because Section 340(a) applies to "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state . . . ." (Id.; Cal. Code Civ. Proc. § 340(a).) Plaintiffs argue that Cal. Code Civ. Proc. § 340(a) does not apply here because the penalty authorized by Cal. Civ. Code § 1942.5 is not mandatory. (Opp. at 9-10.) Therefore, Plaintiffs argue, this claim is subject to a three-year statute of limitations.

The Court finds that Cal. Code Civ. Proc. 340(a) applies to this claim. Cal. Civ. Code § 1942.5 provides that:

> Any lessor or agent of a lessor who violates this section shall be liable to the lessee in a civil action for all of the following:
>
> (1) The actual damages sustained by the lessee.

---

[4] The Court notes that Plaintiffs' reliance on Valdez v. Himmelfarb, 51 Cal. Rptr. 3d 195, 199 (Cal. App. 2d Dist. 2006) is confusing, to say the least. Valdez does not stand for the proposition that all "statutory causes of action . . . differ from common law causes of action [and] allow recovery for personal injuries for up to three years." (Opp. at 8.) Valdez, rather narrowly, held that "an action brought under Labor Code section 3706 differs markedly from a common law negligence action" and is subject to a three year statute of limitations. 51 Cal. Rptr. 3d at 200. Valdez does nothing to establish or clarify the statutes of limitations for the various statutes under which Plaintiffs assert their claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

> (2) Punitive damages in an amount of not less than one hundred dollars ($100) nor more than two thousand dollars ($2,000) for each retaliatory act where the lessor or agent has been guilty of fraud, oppression, or malice with respect to that act.

Cal. Civ. Code § 1942.5(f). Plaintiffs' interpretation stems from the fact that the statute by its own terms indicates that actual damages can be awarded without punitive damages. However, if fraud, oppression, or malice is found, then the punitive damages are mandatory. Plaintiffs do seek punitive damages in conjunction with this claim. (FAC ¶ 151.) Cal. Code Civ. Proc. § 340(a) applies to "[a]n action upon a statute for a penalty or forfeiture . . . ." Cal. Code Civ. Proc. § 340(a). Because punitive damages are designed to punish or penalize, the cause of action is governed by Section 340(a) and must be brought within one year of the event giving rise to the claim.

The penalty referred to in Cal. Code Civ. Proc. § 340(a) "is one which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained . . . ." County of Los Angeles v. Ballerino, 34 P. 329, 330 (Cal. 1893). "Case law has consistently applied the one-year limitations period to statutes that provide for recovery of actual damages and a mandatory additional penalty." Prudential Home Mortgage Co. v. Superior Court, 78 Cal. Rptr. 2d 566, 568 (Cal. App. 4th Dist. 1998). Simply because the Court could find that there was no fraud, oppression, or malice does not make this penalty any less mandatory. That finding is not discretionary, either there was fraud, oppression, or malice or there was not; and if there was - as Plaintiffs argue there was - then the penalty is mandatory. Indeed, in Cal. Code Civ. Proc. § 3294, where the general provision allowing for punitive damages is found, the statute expressly states that punitive damages are in addition to actual damages and may be awarded "for the sake of example and by way of punishing the defendant." Accordingly, Plaintiff's claims under Cal. Civ. Code § 1942.5 are subject to a one-year statute of limitations.

The FAC states that Reyna Camul's, Jasmin Moreno's, and Dora Davila's tenancies ended October 31, 2009. (FAC ¶¶ 5(c), 5(d), 5(e).) This action began June 13, 2012. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the retaliatory eviction claims brought by these three Plaintiffs as time-barred. These claims are **DISMISSED with prejudice**.

### c. *Cal. Civ. Code § 1942.4*

Defendants also seek to dismiss Plaintiffs' claims under Cal. Civ. Code § 1942.4 as to

Case 2:12-cv-06023-BRO-AJW   Document 25   Filed 01/07/13   Page 11 of 14   Page ID #:596

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

twelve Plaintiffs on the basis that they are time-barred from pursuing those claims. (Mem. at 15.) Defendants assert that Plaintiffs Reyna Camul, Jasmin Moreno, Dora Davila, Alfred Gabaldon, Belinda Sanchez, Juana Allende, Taurino Castillo, Amado Castillo, Helen Flores, Alicia Luna, Sharon Barraza, and Shirley Turner are barred by the one-year statute of limitations prescribed by Cal. Code Civ. Proc. § 340(a) from pursuing their claims under Cal. Civ. Code § 1942.4. Plaintiffs argue, baldly, that "[a]s in the case of claims under Section 1942.5 of the Civil Code, the Plaintiffs may recover actual damages . . . that have been inflicted over the past three years." (Opp. at 11.)

While there is at least a non-frivolous argument that Cal. Civ. Code § 1942.5 is not subject to Cal. Code Civ. Proc. § 340(a), there is no question that Cal. Civ. Code § 1942.4 is subject to Cal. Code Civ. Proc. § 340(a). Cal. Civ. Code § 1942.4 plainly states, in relevant part, that "[a] landlord who violates this section is liable to the tenant or lessee for the actual damages sustained by the tenant or lessee and special damages of not less than one hundred dollars ($100) and not more than five thousand dollars ($5,000)." Cal. Civ. Code § 1942.4(b)(1). As noted above, "[c]ase law has consistently applied the one-year limitations period to statutes that provide for recovery of actual damages and a mandatory additional penalty." Prudential Home, 78 Cal. Rptr. 2d at 568.

The FAC states that Reyna Camul's, Jasmin Moreno's, and Dora Davila's tenancies ended October 31, 2009. (FAC ¶¶ 5(c), 5(d), 5(e).) Alfred Gabaldon's and Belinda Sanchez's tenancies ended at some date in 2009. (Id. ¶¶ 5(o), 5(q).) Juana Allende's, Taurino Castillo's, and Amado Castillo's tenancies ended April 12, 2011. (Id. ¶¶ 5(ee), 5(gg), 5(hh).) Helen Flores' and Alicia Luna's tenancies ended in August 2010. (Id. ¶¶ 5(pp), 5(xx). Sharon Barraza's and Shirley Turner's tenancies ended in March 2011. (Id. ¶¶ 5(bbb), 5(ccc).) This action began June 13, 2012. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the Section 1942.4 claims brought by these twelve Plaintiffs as time-barred. These claims are **DISMISSED with prejudice**.

### d. Cal. Gov. Code §§ 25132 and 36900

Defendants also seek to dismiss Plaintiffs' claims under Cal. Gov. Code §§ 25132 and 36900 as to twelve Plaintiffs on the basis that they are time-barred from pursuing those claims. (Mem. at 15.) Defendants assert that Plaintiffs Reyna Camul, Jasmin Moreno, Dora Davila, Alfred Gabaldon, Belinda Sanchez, Juana Allende, Taurino Castillo, Amado Castillo, Helen Flores, Alicia Luna, Sharon Barraza, and Shirley Turner are barred by the one-year statute of limitations prescribed by Cal. Code Civ. Proc. § 340(a) from pursuing the aforementioned claims because the aforementioned statutes provide for penalties and fines. (Id.) Plaintiffs argue that

Case 2:12-cv-06023-BRO-AJW   Document 25   Filed 01/07/13   Page 12 of 14   Page ID #:597

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

these claims are subject to a three-year statute of limitations. (Opp. at 10.)

The Court finds that the claims brought under these statutes are not subject to Cal. Code Civ. Proc. § 340(a). Cal. Gov. Code § 25132 provides the following:

> (a) Violation of a county ordinance is a misdemeanor unless by ordinance it is made an infraction. The violation of a county ordinance may be prosecuted by county authorities in the name of the people of the State of California, or redressed by civil action.
>
> (b) Every violation determined to be an infraction is punishable by (1) a fine not exceeding one hundred dollars ($100) for a first violation; (2) a fine not exceeding two hundred dollars ($200) for a second violation of the same ordinance within one year; (3) a fine not exceeding five hundred dollars ($500) for each additional violation of the same ordinance within one year.
>
> (c) Notwithstanding any other provision of law, a violation of local building and safety codes determined to be an infraction is punishable by (1) a fine not exceeding one hundred dollars ($100) for a first violation; (2) a fine not exceeding five hundred dollars ($500) for a second violation of the same ordinance within one year; (3) a fine not exceeding one thousand dollars ($1,000) for each additional violation of the same ordinance within one year of the first violation.

Cal. Gov. Code § 25132. Cal. Gov. Code § 36900 is identical to Section 25132 except it applies to city ordinances rather than county ordinances. Cal. Gov. Code § 36900. Plaintiffs argue that they are only bringing claims under subsection (a) of both statutes, which by their own terms do not provide for a penalty. (Opp. at 10-11.)

Plaintiffs concede that they are not seeking penalties under Sections 25132 and 36900. Accordingly, to the extent that Plaintiffs' FAC can be read to seek recovery of a penalty, the motion is **GRANTED** based on Plaintiffs' non-opposition. To the extent that Plaintiffs intend to pursue a remedy under subsection (a) only, Defendants' motion to dismiss is **DENIED**.

### e. Cal. Civ. Code § 1714

Defendants lastly seek to dismiss Plaintiffs' claims under their first, second, third, and fourth causes of action to the extent Plaintiffs allege "willful or negligent acts" under Cal. Civ. Code § 1714 for failure to state a claim. (Mem. at 16.) Defendants argue that this vague

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

allegation, which appears in the first, second, third, and fourth causes of action, is inherently contradictory, and should be dismissed because Plaintiffs "do not identify a cognizable legal theory supported by allegations of fact . . . ." (Id.) Plaintiffs argue that "[t]hese words merely paraphrase the terms of Section 1714" and "are not meant to conclusively identify a subject heading found in Prosser on Torts." (Opp. at 12.) Plaintiffs state that "[t]he actual text of the statute provides the basis for relief," not the label they put in parenthesis to paraphrase the statute. (Id.) Furthermore, Plaintiffs argue that they provided sufficient factual detail to support a cause of action under Cal. Civ. Code § 1714 for willful and negligent acts. (Id. at 13.)

As is clear from the FAC, Plaintiffs allege both negligent and willful acts under Cal. Civ. Code § 1714. Defendants make clear in their reply that the crux of their argument is that they believe that Plaintiffs fail to satisfy the pleading standard for willful misconduct. (Docket No. 22, [Reply to Mot. to Strike ("Reply)] at 14.) The elements of willful misconduct are: "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." Simmons v. Southern Pac. Transportation Co., 133 Cal. Rptr. 42, 53 (Cal. App. 1st Dist. 1976).

Plaintiffs' allegations, although not structured in the clearest way possible, are sufficient to state claims for willful misconduct. For instance, Plaintiff's first claim - vermin infestation - notes that "the Environmental Health Division of the Los Angeles County Department of Health has cited Matsu for failing to control an infestation of roaches," and the "notices were sent to Lexington's employees." (FAC ¶ 29.) Plaintiffs also allege that "[m]aintenance personnel employed by Lexington have found the problem to be overwhelming and have seen cockroaches in all of the walls when opening them to fix leaks." (Id.) Furthermore, Plaintiffs allege that Defendants "generally ignored [complaints by Plaintiffs] until cited" and "[e]ven then . . . ignored [the] governmental orders until threatened with criminal prosecution." (Id. ¶ 36.) Plaintiffs' FAC meets the pleading standards for willful misconduct under their first, second, third, and fourth causes of action. (See id. ¶¶ 49, 51, 58, 59, 70, 75, 76, 86.)

Accordingly, Defendants' motion to dismiss is **DENIED** as to Plaintiffs' willful misconduct claims.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Court rules as follows:

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06023 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Sara Altamirano et al v. Matsu, LLC et al | | |

(1) The Court **GRANTS in part** and **DENIES in part** Defendants' motion to strike. The Court **STRIKES** Doe defendants 1-190 and the reference in FAC ¶ 14 to the three unrelated properties.

(2) The Court **DENIES** Defendants' motion for a more definite statement.

(3) The Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. The Court **DISMISSES with prejudice** Plaintiffs' retaliatory eviction claims as to Plaintiffs Reyna Camul, Jasmin Moreno, and Dora Davila. The Court also **DISMISSES with prejudice** Plaintiffs' claims under Cal. Civ. Code § 1942.4 as to Plaintiffs Reyna Camul, Jasmin Moreno, Dora Davila, Alfred Gabaldon, Belinda Sanchez, Juana Allende, Taurino Castillo, Amado Castillo, Helen Flores, Alicia Luna, Sharon Barraza, and Shirley Turner.

    **IT IS SO ORDERED.**